RANDALL D. BARLOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Barlow v. Commissioner
Docket No. 2943-92
United States Tax Court
T.C. Memo 1994-11; 1994 Tax Ct. Memo LEXIS 7; 67 T.C.M. (CCH) 1948; 73 A.F.T.R.2d (RIA) 418; January 10, 1994, Filed *7 Decision will be entered under Rule 155. Randall D. Barlow, pro se. For respondent: Abbey Benjamin Garber. TANNENWALD
TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax Under Sections Year
Deficiency
6653(b)(1)[1]
6661
6663
1988
$ 122,345
$ 91,759
$ 30,586
--  1989
37,437
--  --  $  28,078
1990
151,606
--  --  113,705
All of the facts have been stipulated and are so found. At the time the petition was filed, petitioner was a resident of Poolville, Texas. The returns involved were filed with the Internal Revenue Service Center, Austin, Texas. During the years 1987 through 1991, petitioner was senior vice president of Houston General Insurance Company (Houston General) and was directly *8 responsible for accounting affairs at the company. During the years 1988, 1989 and 1990, petitioner directed that checks from bank accounts of Houston General be issued in the name of RFC in amounts totaling $ 423,068, $ 91,311, and $ 468,616, respectively. He directed that these checks be deposited into an NCNB Bank account titled "RJK Trust II" over which he was the sole trustee and had the only authorized signature. Petitioner then wrote checks on the RJK Trust II account transferring the deposited funds to his personal accounts at Overton Park Bank and Shearson Lehman Brothers, Inc. In an effort to conceal the scheme from Houston General, petitioner removed canceled checks from the corporate files. The conduct described above was part of a scheme to embezzle funds from Houston General and income, in the amounts stipulated, was received from such efforts. Petitioner did not report any income from the embezzlement scheme on his tax returns for the years involved herein. He has stipulated that he "fraudulently omitted the receipt of" those amounts of "embezzled funds" from those returns. Due to his position with Houston General, petitioner was entitled to reimbursement from *9 Houston General of certain business expenses paid by him. Throughout his tenure at Houston General, he submitted claims for reimbursement of authorized business expenses and was reimbursed for those expenses. For the years 1989 and 1990, petitioner submitted claims to Houston General for reimbursement of expenses in the amounts of $ 539.17 and $ 1,624.18, respectively, for which he was not authorized to claim reimbursement and was reimbursed for those expenses. As a result, he received income from the reimbursement of those expenses in those amounts during the years indicated, which he did not report on his tax returns for those years. For the years 1989 and 1990, petitioner submitted claims to Houston General for reimbursement of items for which he did not pay personally, but rather were charged to company credit cards, in the amounts of $ 524.13 and $ 373.34, respectively, for which he was not authorized to claim payment; he was paid for those expenses. He received income in those amounts during the years indicated, which he did not report on his tax returns for those years. For the years 1989 and 1990, petitioner submitted claims to Houston General for reimbursement of expenses *10 for which he could not provide substantiation in the amounts of $ 122.67 and $ 2,558.63, respectively, for which he was not authorized to claim reimbursement and for which he was reimbursed. He received income in those amounts during the years indicated, which he did not report on his tax returns for those years. Petitioner has stipulated that he "fraudulently omitted the receipt of $ 1,185.97 and $ 4,556.15 in income from unauthorized reimbursements" from his tax returns for the taxable years 1989 and 1990, respectively. Petitioner has also stipulated that a part of each deficiency in income tax for the years in question is due to fraud. Petitioner did not appear when the case was called for trial on June 14, 1993, and submitted fully stipulated because he was then and continues to be incarcerated. [2] At that time, respondent's counsel indicated that he understood that petitioner wished to argue the law in respect to the additions to tax for fraud. Petitioner was given until August 30, 1993, to file a brief and, when he did not respond, the Court by order dated October 4, 1993, gave him a further opportunity, i.e., to December 15, 1993, to submit his brief. On October 15, 1993, *11 petitioner wrote the Court that he would not file a brief or other response. His only comment about the issues before the Court was a statement that the expenses for which he was reimbursed and which were now considered unauthorized were in fact authorized but that because of his incarceration he was unable to prove that such was the case. We find it difficult to understand how petitioner can avoid the consequences of his stipulations as to the embezzlement and reimbursement income, as well as the fraud issue. He has totally failed to provide any basis for setting aside the stipulation of facts in whole or in part. Rule 91(e). [3] Clearly, therefore, he has failed to carry his burden of proof in respect of the basic deficiencies and the addition to tax under section 6661. Rule 142(a). Moreover, leaving *12 aside the stipulations characterizing the omission of such income as fraudulent, the underlying stipulated facts are more than sufficient to support the conclusion that respondent has satisfied her burden of proof as to the additions to tax for fraud. Sec. 7454(a); Rule 142(b); , affg. per curiam ; ; , affd. . Under the foregoing circumstances, we hold that petitioner omitted from income the stipulated amounts of embezzled funds and reimbursed unauthorized expenses and that there are additions to tax for fraud under sections 6653(b)(1) and 6663 and for a substantial understatement *13 of liability under section 6661. In order to reflect concessions by the parties on other issues, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner's former wife appeared. She was a party to this proceeding at that time because she had signed the tax returns. Her case was then severed and has since been disposed of by a stipulated decision.↩
3. Cf. .↩